UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GLEN JONES, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>JUSTIN ARBOGAST, )<br>    Defendant. ) | Case No. 23-3157 |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) and a Motion for Counsel (Doc. 4) filed under 42 U.S.C. § 1983 by Plaintiff Glenn Jones, a prisoner at Graham Correctional Center.

II.     **Complaint**

   **A. Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Factual Allegations

Plaintiff states that he suffers from "dialysis and diabetes," for which he receives treatment on a daily and weekly basis. (Pl. Comp. Doc. 1 at 6:7-8.) Appended to Plaintiff's pleading are therapeutic diet orders signed by physicians, which order that Plaintiff receive a diabetic diet high in calories, protein, and fiber. (Doc. 1-1 at 1-4.) Plaintiff asserts that Defendant Arbogast, Graham's food supervisor, refuses to provide Plaintiff with the prescribed diet.

### C. Analysis

"The failure to provide a diabetic inmate with a special diet could amount to cruel and unusual punishment in some circumstances." *McIntosh v. Malueg*, No. 09-C-1106, 2011 WL 3684777, at *5 (E.D. Wis. Aug. 23, 2011) (citing *Sellers v. Henman*, 41 F.3d 1100, 1102–03 (7th Cir. 1994)). To prevail on his claim of deliberate indifference, Plaintiff has the burden of proving (1) Defendant Arbogast was aware of facts from which an inference could be drawn that a substantial risk of serious harm to Plaintiff's health existed due to the deprivation of the prescribed diet (2) Arbogast drew the inference but consciously disregarded the risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff alleges sufficient facts to infer an Eighth Amendment deliberate indifference claim against Defendant Arbogast for depriving Plaintiff of his prescribed diabetic diet.

II.     **Motion for Counsel**

In considering Plaintiff's Motions for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 4) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

**IT IS THEREFORE ORDERED:**

1) **The Court DENIES Plaintiff's Motion for Counsel (Doc. 4).**

2) **According to the Court's screening of Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment claim against Defendant Arbogast for denying Plaintiff the prescribed diabetic diet. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

4) **The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order to set discovery and dispositive motion deadlines.**

5) **Concerning a Defendant who no longer works at the address provided by**

**Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

6) **Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.**

7) **This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendant's counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

8) **The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.**

9) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

10) **If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

11) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

12) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED March 8, 2024.

                                                s/ *Colleen R. Lawless*
                                      _____
                                                COLLEEN R. LAWLESS
                                    UNITED STATES DISTRICT JUDGE